## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**MARK W. DOBRONSKI**,
an individual,

Case: 5:23-cv-12391
Assigned To : Levy, Judith E.
Referral Judge: Stafford, Elizabeth A.
Assign. Date : 9/20/2023
Description: COMP DOBRONSKI V.
FORTIS PAYMENT SYSTEMS.
LLC. (KB)

Plaintiff,

v.

**FORTIS PAYMENT SYSTEMS, LLC**,
a Delaware corporation,

Defendant.

---

## COMPLAINT

NOW COMES the Plaintiff, MARK W. DOBRONSKI, appearing *in propria persona*, and for his complaint against Defendant alleges:

1. This matter arises under the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, *et seq.*, the Michigan Home Solicitation Sales Act ("MHSSA"), M.C.L. 445.101, *et seq.*, the Michigan Telephone Companies as Common Carriers Act ("MTCCCA"), M.C.L. 484.101, *et seq.*, and the Florida Telemarketing Sales Act ("FTSA"), Fla. Stat. § 501.059.

### Parties

2. Plaintiff is an individual, of the age of majority, a citizen of the United States of America, is domiciled in and has a place of business in Orange County,

Florida, has a residence and place of business in Washtenaw County, Michigan, and has a place of business in Wayne County, Michigan.

3. Defendant FORTIS PAYMENT SYSTEMS, LLC ("Fortis"), is a limited liability company organized and existing under the laws of the State of Delaware, that is registered and qualified to do business in the State of Mihcigan, and which has a principal office located at 43155 Main Street, Suite 2310C, Novi, Michigan 48375-1799.

## Jurisdiction

4. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

5. This Court has general personal jurisdiction over Defendant Fortis, pursuant to M.C.L. § 600.711, as a result of the Defendant Fortis carrying on of a continuous and systematic part of its general business within the state.

## Venue

6. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(2), as the tortious or illegal telephone calls complained of herein were received in this judicial district.

## Preliminary Statement

7. As the Supreme Court recently explained, "Americans passionately disagree

2

amount many things.  But they are largely united in their disdain for robocalls." *Barr v. American Association of Political Consultants LLC*, 140 S. Ct. 2335, 2343 (2020).

8.  The Federal Government receives a staggering number of complaints about robocalls – 3.7 million complaints in 2019 alone. *Id.*

9.  In response to widespread public outrage over intrusive telemarketing calls to homes and businesses, the United States Congress acted to prevent persons, like Defendant, from invading American citizen's privacy and to prevent abusive "robo-calls" by enacting the TCPA.

10.  According to the Federal Communications Commission ("FCC"), "Unwanted calls and texts are the number one complaint to the FCC."

11.  In regard to such telephone solicitations, Senator Hollings of South Carolina, the primary sponsor of the TCPA, explained, "computerized calls are the scourge of modern civilization.  They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall... these computerized telephone calls threaten our personal safety... These machines are out of control, and their use is growing by 30 percent every year.  It is telephone terrorism, and it has got to stop...." See *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd. 17459, 17474, fn. 90 (2002), quoting 137 Cong.

Rec. 30,821-30,822 (Nov. 7, 1991).

12. According to YouMail, Inc., a company which tracks robocall activity and publishes the YouMail Robocall Index, during calendar year 2021 alone, American consumers were bombarded with over 50.5 *billion* robocalls; an average of over 150 robocalls to each man, woman, and child. [Source: www.robocallindex.com ].

13. In 2021, nearly 1 in 3 Americans say they have fallen victim to a phone scam in the past year, with reported losses to phone scams exceeding $29.8 Billion. [Source: www.cndb.com/2021/06/29/americans-list-billions-of-dollars-to-phone-scams-over-the-past-year.html ].

14. Congress has found that interstate telemarketing fraud has become a problem of such magnitude that the resources of the Government are not sufficient to ensure adequate consumer protection from such fraud.

15. As a result, in enacting the TCPA, Congress intentionally created a legally enforceable bounty system, not unlike *qui tam* statutes, to incentivize the assistance of aggrieved private citizens to act as "private attorneys general" in enforcing federal law.

## Telephone Consumer Protection Act

16. In 1991, Congress enacted the TCPA to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse.* Congress

4

found that these calls were not only a nuisance and invasion of privacy to consumers specifically, but were also a threat to interstate commence generally. *See* S. Rep. No. 102-178, at 2-3, 1991 U.S.C.C.A.N. 1968, 1969-71, 1991 WL 211220 (1991).

17.  The TCPA imposes restrictions on the use of automated telephone equipment.  47 U.S.C. § 227(b)(1).

18.  Pursuant to authority delegated by Congress to the FCC under the TCPA at 47 U.S.C. § 227(b)(2), the FCC has adopted regulations to implement the aforesaid restrictions on use of automated telephone equipment. The TCPA implementing regulations are promulgated at 47 C.F.R. 64.1200(a), *et seq.*

19.  As part of the restrictions on use of automated telephone equipment, Congress created a private right of action for aggrieved persons to received $500.00 in damages for *each* violation of the subsection of the statute or the regulations prescribed thereunder, which amount the court may treble if the court finds that the defendant willfully or knowingly violated the statute or the regulations. 47 U.S.C. § 227(b)(3).

20. Additionally, the Congress also sought to protect subscriber privacy rights, and directed the FCC to initiate a rulemaking proceeding to compare and evaluate alternative methods and procedures, and to develop proposed regulations to implement the methods and procedures that the FCC determines are most efficient to

accomplish the need to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 C.F.R. § 227(c)(1).  The FCC conducted such a rulemaking and implemented regulations to protect telephone subscribers' privacy rights.  See *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 68 FR 44144, 2003 WL 21713245 (July 25, 2003).  The regulations implemented by the FCC are promulgated at 47 C.F.R. § 64.1200(c), *et seq.*, 47 C.F.R. § 64.1200(d), *et seq.*, and 47 C.F.R. § 64.1601(e).

21.  As part of the protection of subscriber privacy rights, Congress created a private right of action for aggrieved persons to receive $500.00 in damages for *each* violation of the subsection of the statute or the regulations prescribed thereunder, which amount the court may treble if the court finds that the defendant willfully or knowingly violated the statute or the regulations. 47 U.S.C. § 227(c)(5).

### **Michigan Home Solicitation Sales Act**

22. The Michigan Legislature has also enacted statutes governing and restricting telephone solicitors from making or causing to be made a telephone solicitation to a residential telephone subscriber.  The restrictions include a prohibition that telephone solicitors shall not make telephone solicitations to a residential telephone subscriber whose name and residential telephone number appears on the national do-not-call list.  M.C.L. 445.111(a)(5).

23.  The MHSSA provides that a person who suffers a loss as a result of a violation of the MHSSA may bring an action to recover actual damages or $250.00, together with reasonable attorney fees.  M.C.L. 445.111c(3).

## Florida Telemarketing Sales Act

24.  The Florida Legislature has enacted statutes governing and restricting telephone solicitors in making telephone sales calls.  The statute includes, *inter alia*, requirements for identification of telephone solicitors and the transmission of caller identification information, prohibitions on calling telephone numbers appearing on the national do-not-call registry or where a person has previously communicated to the telephone solicitor or other person that he or she does not wish to receive an outbound telephone call, text message, or voicemail transmission.  Fla. Stat. § 501.059.

25.  The FTSA provides that a called party who is aggrieved by a violation of the section may bring an action to, *inter alia*, recover actual damages or $500, whichever is greater. Fla. Stat. § 501.059(10)(a).  Further if the court finds that the defendant's violations were willful or knowing, the court may, in its discretion, treble the amount of the award.  Fla. Stat. § 501.059(10)(b).

## General Allegations

26. Plaintiff's residential and cellular telephone lines have been besieged with

telemarketing calls hawking such things as alarm systems, Google listings, automobile warranties, health insurance, life insurance, credit cards, and even financial miracles from God.   Some calls are blatant scams, including calls purportedly from the Social Security Administration, the U.S. Drug Enforcement Administration, and other government agencies, claiming that arrest warrants have been issued against Plaintiff for alleged drug trafficking and money laundering activities.

27.  Plaintiff's residential telephone number is 734-***-1000.

28.  Plaintiff's residential telephone number 734-***-1000 is registered on the National Do Not Call Registry and has been so listed since May 27, 2022 and at all times subsequent thereto.

29.  The FCC has issued a declaratory ruling defining "called party" as "the subscriber, i.e., the consumer assigned the telephone number dialed and billed for the call, or the non-subscriber customary user of a telephone number included in a family or business calling plan." *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02–278, WC Docket No. 07–135, FCC 15–72, 2015 WL 4387780, at *26 ¶ 73 (FCC July 10, 2015).

30.  Plaintiff is the subscriber to and a customary user of the called telephone lines, is the one that was the actual recipient of the telephone calls at issue in this

complaint, and suffered the nuisance and invasion of privacy of same.  Thus, Plaintiff has standing to bring this action for alleged violations of TCPA's robocall provisions. See *Leyse v. Bank of America Nat. Ass'n*, 804 F.3d 316, 324 (C.A.3, 2015).

31.  At no time relevant hereto has Plaintiff or any other authorized person requested, consented, permitted, or authorized the contact from the Defendant.

32.  At no time has Plaintiff provided permission to the Defendant to engage in telephone solicitation with the Plaintiff via telephone.

33.  Pursuant to 47 U.S.C. § 217, the act, omission, or failure of any officer, agent, or other person acting for or employed by an common carrier or user, acting within the scope of his employment, shall in every case also be deemed to be the act, omission, or failure of such carrier or user as well as that of the person.

34.   Courts are legally bound to give great deference to the FCC's interpretations of the TCPA and its own regulations.

35.  At no time has Plaintiff provided "prior express consent" or "prior express written consent" (as those terms are defined under the TCPA and as interpreted by the FCC) for the Defendant or anyone acting on behalf of the Defendant to initiate any telephone call that includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system or an artificial or prerecorded voice, to Plaintiff's residential telephone number.

36.  At no time has Plaintiff had an "established business relationship" (as that term is defined under the TCPA and as interpreted by the FCC) with the Defendant.

37.  The FCC has declared that "[p]urporting to obtain consent during the call... does not constitute the *prior* consent necessary to deliver the message in the first place as the request... is part of the telemarketing." See *In re Rules and Regulations Implementing the TCPA*, 18 FCC Rcd. 14014, 14019, 2003 WL 21517853, at *49, ¶ 142 (June 26, 2003) [Emphasis as in original].

38.  The FCC has clarified that sellers may be held vicariously liable for violations of the TCPA by third-party telemarketers that initiate calls to market the seller's products or services, declaring as follows:

> "[A] company on whose behalf a telephone solicitation is made bears the responsibility for any violation of our telemarketing rules and calls placed by a third party on behalf of that company are treated as if the company itself placed the call."

*In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling, 20 FCC Rcd. 13664, 13667, ¶ 7 (2005).

39.  For each and every call alleged herein initiated to Plaintiff's telephone line, Plaintiff suffered the injury of invasion of privacy and intrusion on Plaintiff's right of seclusion.

40.  For each and every call alleged herein initiated to Plaintiff's telephone line,

Plaintiff suffered the injury of the occupation of the telephone line by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls, including emergency calls, when the telephone line was seized by Defendant's calls.

41. For each and every call alleged herein initiated to Plaintiff's telephone line, Defendant caused an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features on Plaintiff's telephone, which features are designed to inform the user of important missed communications.

42. Each and every call placed without consent by Defendant alleged herein to Plaintiff's telephone lines resulted in the injury of a trespass to Plaintiff's chattel, namely Plaintiff's telephone line and its telephone services.

43. For purposes of the TCPA, the FCC has defined "willfully or knowingly" to mean that the violator knew that he was doing the act in question, in this case, initiating a telephone solicitation, irrespective of any intent to violate the law. A violator need not know that his action or inaction constitutes a violation; ignorance of the law is not a defense or mitigating circumstance.

**Call 1**

44.  On June 22, 2023, at approximately 9:55 A.M., Defendant or Defendant's agent initiated a telephone solicitation call to Plaintiff's residential telephone number 734-***-1000.

45.  The caller identification number displayed was 772-794-8228, and there was no caller identification name information displayed.

46.  Upon answering the telephone call by saying "hello", Plaintiff heard a live telemarketer state that he was calling from "Fortis" and that he wanted to know if Plaintiff utilized any credit card processing service.

47.  Plaintiff informed the caller that he was not interested and clearly stated "do not call again" and hung up.

**Call 2**

48.  On June 27, 2023, at approximately 9:08 A.M., Defendant or Defendant's agent initiated a telephone solicitation call to Plaintiff's residential telephone number 734-***-1000.

49.  The caller identification number displayed was 772-794-8228, and there was no caller identification name information displayed.

50.  Upon answering the telephone call by saying "hello", Plaintiff was hung up upon.

**Call 3**

51. On July 7, 2023, at approximately 1:34 P.M., Defendant or Defendant's agent initiated a telephone solicitation call to Plaintiff's residential telephone number 734-***-1000.

52. The caller identification number displayed was 772-794-8228, and there was no caller identification name information displayed.

53. Upon answering the telephone call by saying "hello", Plaintiff was hung up upon.

**Call 4**

54. On August 2, 2023, at approximately 1:43 P.M., Defendant or Defendant's agent initiated a telephone solicitation call to Plaintiff's residential telephone number 734-***-1000.

55. The caller identification number displayed was 772-794-8229, and there was no caller identification name information displayed.

56. The call disconnected after the second ring before Plaintiff could answer the ringing telephone line.

57. The total duration of the call connection from initiation to termination was 11 seconds.

## Call 5

58. On August 9, 2023, at approximately 9:55 A.M., Defendant or Defendant's agent initiated a telephone solicitation call to Plaintiff's residential telephone number 734-***-1000.

59. The caller identification number displayed was 772-794-8229, and there was no caller identification name information displayed.

60. The call disconnected after the second ring before Plaintiff could answer the ringing telephone line.

61. The total duration of the call connection from initiation to termination was 8 seconds.

## Call 6

62. On August 9, 2023, at approximately 9:53 A.M., within seconds of Plaintiff having hung up the telephone from Call 5, *supra*, Defendant or Defendant's agent initiated a telephone solicitation call to Plaintiff's residential telephone number 734-***-1000.

63. The caller identification number displayed was 772-794-8229, and there was no caller identification name information displayed.

64. The call disconnected after the second ring before Plaintiff could answer the ringing telephone line.

14

65. The total duration of the call connection from initiation to termination was 9 seconds.

## Call 7

66.   On August 18, 2023, at approximately 11:17 A.M., Defendant or Defendant's agent initiated a telephone solicitation call to Plaintiff's residential telephone number 734-***-1000.

67.  The caller identification number displayed was 772-794-8229, and there was no caller identification name information displayed.

68.  Upon answering the telephone call by saying "hello", Plaintiff was hung up upon.

## Call 8

69.   On August 30, 2023, at approximately 3:11 P.M., Defendant or Defendant's agent initiated a telephone solicitation call to Plaintiff's residential telephone number 734-***-1000.

70.  The caller identification number displayed was 772-794-8229, and there was no caller identification name information displayed.

71.  Upon answering the telephone call by saying "hello", Plaintiff could hear voices speaking in the background but noone responded to Plaintiff, and then Plaintiff was hung up upon.

**Call 9**

72.    On August 18, 2023, at approximately 11:17 A.M., Defendant or Defendant's agent initiated a telephone solicitation call to Plaintiff's residential telephone number 734-***-1000.

73.    The caller identification number displayed was 772-794-8229, and there was no caller identification name information displayed.

74.    Upon answering the telephone call by saying "hello", Plaintiff heard a live telemarketer identify himself as "Paul", that he was calling from "Fortis", and that he wanted to know if Plaintiff utilized any credit card processing service.  Plaintiff sought better identifying information from the caller.

75.    After the termination of the call, Plaintiff called the caller back at the caller identification number displayed (772-794-8229), received an answering machine, and left a message to "do not call" Plaintiff again.

## COUNT I
## VIOLATION OF THE TCPA - DISCONNECTED CALL

76.    Plaintiff incorporates the allegations of paragraphs 1 through 75, *supra.*

77.    Each of Calls 4, 5, and 6, *supra*, were in violation of the TCPA regulations, specifically 47 C.F.R. § 64.1200(a)(6), as Defendant or Defendant's agent disconnected an unanswered telemarketing call prior to at least 15 seconds or four (4) rings.

78. The aforesaid violations of the TCPA were wilful and/or knowing as is evidenced by the repeated number of calls.

## COUNT II
## VIOLATION OF THE TCPA - ABANDONED CALL

79. Plaintiff incorporates the allegations of paragraphs 1 through 75, *supra.*

80. Each of Calls 2, 3, 7, and 8, *supra*, were in violation of the TCPA regulations, specifically 47 C.F.R. § 64.1200(a)(7)(i), as Defendant or Defendant's agent initiated a telephone call to Plaintiff's telephone line and a live sales representative was not available and did not speak to Plaintiff within two (2) seconds after the called person's completed greeting.

81. The aforesaid violations of the TCPA were wilful and/or knowing as is evidenced by the repeated number of calls.

## COUNT III
## VIOLATION OF THE TCPA - DO NOT CALL

82. Plaintiff incorporates the allegations of paragraphs 1 through75, *supra.*

83. Each of Calls 1 through 9, *supra*, were in violation of the TCPA implementing regulations, specifically 47 C.F.R. § 64.1200(c)(2), as Defendant or Defendant's agent initiated a telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is

17

maintained by the Federal Government.

84. The aforesaid violations of the TCPA were wilful and/or knowing as is evidenced by the repeated number of calls.

## COUNT IV
## VIOLATION OF THE TCPA - FAILURE TO HONOR DNC REQUEST

85. Plaintiff incorporates the allegations of paragraphs 1 through75, *supra*.

86. Each of Calls 2 through 9, *supra*, were in violation of the TCPA implementing regulations, specifically 47 C.F.R. § 64.1200(d)(3), as Defendant or Defendant's agent initiated a telephone solicitation to a residential telephone subscriber who had previously made a do-not-call request.

87. The aforesaid violations of the TCPA were wilful and/or knowing as is evidenced by the repeated number of calls, as well as the telephone call where the telemarketer admitting that Plaintiff's telephone number was on the do-not-call list.

## COUNT V
## VIOLATION OF THE MHSSA

88. Plaintiff incorporates the allegations of paragraphs 1 through 75, *supra*.

89. North American Numbering Plan area code 772 is geographically assigned to telephone numbers in the southeastern coast region of the State of Florida.

90. Given that each of Calls 1 through 9, *supra*, displayed a telephone number with an area code of 772, it is presumed that the calls were initiated from within the

State of Florida.

91. Each of Calls 1 through 9, *supra*, were in violation of the MHSSA: specifically M.C.L. 445.111a(5), as Defendant or Defendant's agent made a telephone solicitation to a residential telephone subscriber whose name and residential telephone number is on the then-current version of the federal do-not-call list.

**COUNT VI**
**VIOLATION OF THE FTSA**

92. Plaintiff incorporates the allegations of paragraphs 1 through 75, *supra.*

93. Each of Calls 1 through 9, *supra*, were in violation of the FTSA: specifically Fla. Stat. § 501.059(2), as Defendant or Defendant's agent made an unsolicited telephonic sales call to a residential telephone number and did not identify himself by his or her true first and last names and the business immediately upon making contact by telephone with the person who is the object of the telephone solicitation; and/or Fla. Stat. 501.059(a)(4), as Defendant or Defendant's agent made a unsolicited telephonic sales call to a residential, mobile, or telephonic paging device telephone number which appears on the National Do-Not-Call Registry; and/or Fla. Stat. 501.059(5)(a), as Defendant or Defendant's agent initiated an outbound telephone call to a consumer, business, or donor or potential donor who has previously communicated to the telephone solicitor or other person that he or she does not wish to receive an outbound telephone call made by or on behalf of the seller

whose goods or services are being offered; and/or Fla. Stat. 501.059(8)(b), as

Defendant or Defendant's agent caused a telephonic sales call to be made to fail to

transmit or cause not to be transmitted the originating telephone number and the name

of the telephone solicitor to any caller identification service in use by a recipient of

a telephonic sales call.

94.  The aforesaid violations of the FTSA were wilful and/or knowing as is

evidenced by the repeated number of calls.

## PRAYER FOR RELIEF

WHEREFORE, the aforesaid premises considered, Plaintiff prays that this

Court enter a judgment for Plaintiff and against the Defendant, as follows:

A.  Damages:

I.  Damages for violations of the TCPA alleged:

| Count | Violations |
|-------|------------|
| I     | 3          |
| II    | 4          |
| III   | 9          |
| IV    | 8          |

A total of 24 violations at $500 per violation

for damages of $12,000.00, which amount

shall be trebled because the violations were

willful and/or knowing, for total damages of

$36,000.00.

ii.  Damages for violations of the MHSSA alleged at Count V: 9 violations at $250 per violation, for damages of $2,250.00.

iii. Damages for violations of the FTSA alleged at Count VI: 9 violations at $500 per violation, for damages of $4,500.00, which amount shall be trebled because the violations were willful and/or knowing, for total damages of $13,500.00.

The cumulative total amount of damages claimed in this action is $51,750.00, and in the event of default judgment is the sum certain damages amount that will be sought.

B.  An award of Plaintiff's taxable costs and disbursements incurred in the filing and prosecution of this action;

C.  An injunction enjoining Defendant from initiating any telephone calls to Plaintiff's residential telephone and cellular telephone lines.

D.  Interest accruing from the date of filing until paid at the statutory rate; and,

E.  Such other and further relief as this Court deems necessary, reasonable, prudent and proper under the circumstances.

Respectfully submitted,

Dated: September 18, 2023

_____
Mark W. Dobronski
Post Office Box 222
Dexter, Michigan 48130-0222
Telephone: (734) 330-9671
Email: markdobronski@yahoo.com
Plaintiff *In Propria Persona*

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

County in which action arose: __Washtenaw, MI__

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

MARK W. DOBRONSKI

**(b)** County of Residence of First Listed Plaintiff __Orange, FL__
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS

FORTIS PAYMENT SYSTEMS, LLC

County of Residence of First Listed Defendant __Oakland, MI__
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government
Plaintiff
- [ ] 2  U.S. Government
Defendant
- [x] 3  Federal Question
*(U.S. Government Not a Party)*
- [ ] 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | **PERSONAL INJURY** | | | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault, Libel & Slander | [ ] 365 Personal Injury - Product Liability | **PROPERTY RIGHTS** | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | [ ] 820 Copyrights | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 830 Patent | [ ] 460 Deportation |
| | [ ] 345 Marine Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | **PERSONAL PROPERTY** | [ ] 840 Trademark | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 370 Other Fraud | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 371 Truth in Lending | **LABOR** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Management Relations | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 751 Family and Medical Leave Act | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | [ ] 790 Other Labor Litigation | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | [ ] 791 Employee Retirement Income Security Act | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | **SOCIAL SECURITY** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | [ ] 861 HIA (1395ff) | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 862 Black Lung (923) | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 863 DIWC/DIWW (405(g)) | |
| | | [ ] 550 Civil Rights | [ ] 864 SSID Title XVI | |
| | | [ ] 555 Prison Condition | [ ] 865 RSI (405(g)) | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | **FEDERAL TAX SUITS** | |
| | | **IMMIGRATION** | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | [ ] 462 Naturalization Application | [ ] 871 IRS—Third Party 26 USC 7609 | |
| | | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. 227
Brief description of cause:
Illegal telemarketing calls

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 51,750.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  [ ] Yes  [x] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
September 18, 2023

SIGNATURE OF ATTORNEY OF RECORD
*Mark W. Dobronski*

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## PURSUANT TO LOCAL RULE 83.11

1.        Is this a case that has been previously dismissed?      ☐ Yes
                                                                        ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2.        Other than stated above, are there any pending or previously    ☐ Yes
        discontinued or dismissed companion cases in this or any other    ☒ No
        court, including state court? (Companion cases are matters in which
        it appears substantially similar evidence will be offered or the same
        or related parties are present and the cases arise out of the same
        transaction or occurrence.)

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

Notes :

PRESS FIRMLY TO SEAL

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

PRESS FIRMLY TO SEAL

**UNITED STATES POSTAL SERVICE**

- Expected delivery date specified for
- Most domestic shipments include u
- USPS Tracking® included for dome
- Limited international insurance.**
- When used internationally, a custo

*Insurance does not cover certain items. For d
Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.u

**FLAT RATE ENVE**
ONE RATE ■ ANY WEIGHT

**TRACKED ■ INSUI**

PS00001000014

EP14F May 2020
OD: 12 1/2 x 9 1/2

**USPS.COM/PICKUP**

**P** **PRIORITY MAIL®**

**US POSTAGE PAID**
**$9.65**

Origin: 48130
09/18/23
2826100130-08

Retail

EXPECTED DELIVERY DAY: 08/19/23

0 Lb 8.70 Oz

RDC 01

C052

SHIP
TO:
231 W LAFAYETTE BLVD
FL 5TH
DETROIT MI 48226-2777

USPS TRACKING® #

9505 5123 0482 3261 1089 77



FROM:
MARK W DOBRONSKI
PO BOX 222
DEXTER, MI 48130-0222

U.S. MARSHALS

TO:
UNITED STATES DISTRICT COURT
ATTN: CLERK'S OFFICE
231 W LAFAYETTE BLVD FL 5
DETROIT, MI 48226-2700





This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; May 2020; All rights reserved.