## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MARK W. DOBRONSKI,

  Plaintiff,

v.

FORTIS PAYMENT SYSTEMS, LLC,

  Defendant.

_____/

Case No. 23-cv-12391
Hon. Brandy R. McMillion

Hon. Elizabeth A. Stafford

## ORDER ADOPTING IN PART THE RECOMMENDED DISPOSITION OF THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF NO. 20), OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 21) AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 16)

Plaintiff Mark W. Dobronski ("Plaintiff") brought this action against Defendant Fortis Payment Systems, LLC ("Defendant") alleging violations of the Telephone Consumer Protection Act ("TCPA"), the Michigan Home Solicitation Sales Act ("MHSSA"), and the Florida Telephone Solicitation Act ("FTSA") relating to telemarketing phone calls.  *See generally* ECF No. 1.

This matter was originally assigned to the Honorable Judith E. Levy, who referred all pretrial matters to Magistrate Judge Elizabeth A. Stafford.  ECF No. 9.  On April 2, 2024, this case was reassigned from Judge Levy to the undersigned.  The Court re-referred all pretrial matters to Judge Stafford.  ECF No. 14.

1

On May 16, 2024, Defendant filed a Motion for Summary Judgment. ECF No. 16. On January 8, 2025, in a Report and Recommendation ("R&R"), the Magistrate Judge recommended that the Court grant in part and deny in part Defendant's Motion. ECF No. 20. The R&R suggested granting summary judgment as to Counts I, II, V, and VI and dismissing those claims; and denying summary judgment as to Counts III and IV. *Id*. at PageID.274. At the end of the R&R, the Magistrate Judge advised the parties that to seek review of her recommendation, they had to file specific objections with the Court within 14 days of service of the R&R. *Id.* at PageID.274-275. On January 27, 2024, Plaintiff filed Objections to the R&R, and on February 10, 2024, Defendant filed a Response to Plaintiff's Objections. *See* ECF Nos. 21, 22.

Having reviewed the record and considering Plaintiff's Objections *de novo*, the Court concludes that Plaintiff raises no argument to warrant disagreeing with the Magistrate Judge's recommendation, but Defendant presents an argument that warrants additionally dismissing Count IV of the Complaint. Accordingly, the Court will **ACCEPT AND ADOPT IN PART** the recommended disposition of the R&R (ECF No. 20), **OVERRULE** Plaintiff's Objections (ECF No. 21), and **GRANT IN PART** and **DENY IN PART** Defendant's Motion for Summary Judgment (ECF No. 16). In doing so, the Court **DISMISSES** Counts I, II, IV, V and VI of the Complaint (ECF No. 1).

**I.**

Defendant moved for summary judgment arguing that (a) Plaintiff failed to present any evidence to support its claims or create a genuine issue of material fact as to Counts I and II; (b) Counts III and IV fail because the federal do-not-call registry does not apply to business phone lines; (c) Count V should be dismissed because Plaintiff failed to present evidence that he resided in Michigan at the time of the alleged calls; and (d) Count VI should be dismissed because it does not fall within the purview of the FTSA.  *See generally* ECF No. 16.  Magistrate Judge Stafford issued an R&R suggesting that the motion be granted in part and denied in part – specifically that the motion be granted as to Counts I, II, V, and VI and those claims dismissed, and the motion be denied as to Counts III and IV.  *See generally* ECF No. 20.  The R&R reasoned that Counts I, II, V, and VI were not supported by sufficient evidence.  *Id.* at PageID.257, 259-260, 270, 273.  And Counts III and IV were adequately pled and supported by an affidavit that, when viewed in the light most favorable to Plaintiff, created a genuine issue of material fact that defeated summary judgment.  *Id.* at PageID.261-266.

**II.**

Pursuant to Federal Rule of Civil Procedure 72(b), if a party objects to a Magistrate Judge's report and recommendation, the District Judge, in conducting a *de novo* review, can "accept, reject, or modify the recommended disposition; receive

further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Moreover, an objection that "merely restates the arguments previously presented does not sufficiently identify alleged errors on the part of the magistrate judge." *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D. Mich. 2004).

The Court "is not obligated to address objections made in this form because the objections fail to identify the specific errors in the magistrate judge's proposed recommendations, and such objections undermine the purpose of the Federal Magistrate's Act, which serves to reduce duplicative work and conserve judicial resources." *See Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 WL 1304470 at *3 (W.D. Mich. Mar. 28, 2013) (citations omitted). The Court also need not undertake any review of portions of a report to which no party has objected. *See Thomas*, 474 U.S. at 153. However, a *de novo* review of proper objections requires at least a review of the evidence before the Magistrate Judge; and the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

### III.

Plaintiff lodges three objections to Magistrate Judge Stafford's R&R.  *See* ECF No. 21.  The objections are directed at the dismissal of Counts II, V, and VI. *Id.*  Because Plaintiff fails to object to the recommended disposition of Count I, the Court accepts and adopts the recommendation to dismiss Count I.  Plaintiff does not object to the recommendation to deny summary judgment as to Counts III and IV, however Defendant raises an argument in response that Count IV should also be dismissed.  Because neither party objects to the recommended disposition as to Count III, the Court accepts and adopts the recommendation to deny summary judgment as to Count III.

The Court therefore will turn to the objections and the remaining counts.

**<u>Objection 1 – Count II</u>**:  Plaintiff objects to the Magistrate Judge's determination that Plaintiff offers no admissible evidence supporting a violation of 47 C.F.R. § 64.1200(a)(7) and is therefore subject to dismissal.  ECF No. 21, PageID.276.  Plaintiff argues that the Magistrate Judge focused solely on Defendant's call log to discredit Plaintiff's claims—and that log is inadequate as a matter of law and cannot support any affirmative defense or create a "safe harbor" for Defendant in defending against Plaintiff's claim.  *Id.* at PageID.277.  Plaintiff asserts that Defendant therefore offers no evidence to refute Plaintiff's allegations in

the Complaint, and summary judgement should therefore be denied.  *Id*. at PageID.278-279.

Plaintiff ignores that it is well settled that Plaintiff bears the burden to produce evidence in support of his claims.  As noted by the Magistrate Judge, the only evidence that Plaintiff presented was his own call log, which could not be authenticated.  ECF No. 20, PageID.254-256, 259.  And "[t]he Court cannot consider evidence at summary judgment that a jury could not consider at trial, including evidence that cannot be authenticated."  *McCoy v. Smith*, No. 22-cv-11345, 2022 WL 10584248, at *2 (E.D. Mich. Oct. 18, 2022) (citing *Thomas v. Abercrombie & Fitch Co.*, 301 F. Supp. 3d 749, 754 (E.D. Mich. 2018).  As a result, the Court cannot consider Plaintiff's call log as evidence in evaluating the motion for summary judgment.  Failure to present any evidence, beyond the allegations alleged in the Complaint, is alone enough to grant summary judgment in Defendant's favor.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

On the record before the Court, the only evidence that the Court can consider is Defendant's call log, which does not support Plaintiff's claims.  Defendant's call log shows a 55-second call on June 27th, a 29-second call on July 7th, and a 27-second call on August 18th.  *See* ECF No. 16-12.  Nothing in the record supports that any of these calls were "abandoned" as required by the statute.  To the contrary, as the Magistrate Judge found, the duration of these calls is longer than would be

6

expected if Defendant had hung up just after Plaintiff answered.  ECF No. 20, PageID.259.  Without any evidence to show otherwise, summary judgment on these claims is proper.

Additionally, the Court is unpersuaded by Plaintiff's other arguments objecting to the Magistrate Judge's recommendation to dismiss Count II.  Plaintiff argues that the Magistrate Judge's reliance on Defendant's call log to discredit the abandoned call claims was inappropriate because Defendant's call log failed to meet the reporting requirements of 47 C.F.R. § 64.1200(a)(7).  ECF No. 21, PageID.277-279.  Whether Defendant's call log met those requirements is irrelevant to the question currently before the Court.  Defendant does not bear the burden to produce any evidence to refute Plaintiff's claims.  To the contrary, on a motion for summary judgment, Defendant meets its initial burden by "pointing out to the Court that the [Plaintiff], having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 323.  It is then that the burden shifts to the non-moving party to come forward with specific facts showing that there is a genuine issue for trial.  *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Here, Defendant has done just that, and Plaintiff has failed to present any evidence to create a genuine issue for trial.

Consequently, summary judgment is proper in favor of Defendant on Count II and Objection #1 is overruled.

**Objection 2 – Count V**:  Count V is similarly dismissed because Plaintiff fails to go beyond the pleadings to present evidence in support of his claim.  Plaintiff objects to the Magistrate Judge's finding that Plaintiff failed to present evidence, other than the Complaint, that he *received* the calls in Michigan to support a violation of the MHSSA.  ECF No. 21, PageID.279.  He again incorrectly argues that Defendant did not present any evidence that Plaintiff was not at his residence in Michigan at the time of receiving the calls.  *Id.*  However, as previously stated, it is not Defendant's burden to produce any evidence in opposition to Plaintiff's claims.  And Plaintiff again fails to present any evidence beyond the Complaint, which is insufficient to create a genuine issue for trial.  *Celotex*, 477 U.S. at 323.  Therefore, Objection #2 is overruled.

As a result, the Court finds that Count V of the Complaint should be dismissed, and Defendant is entitled to judgment as a matter of law on the MHSSA claim.

**Objection 3 – Count VI and Count IV**:  Plaintiff objects to dismissal of Count VI because he argues that the Magistrate Judge erred in finding that he offered no evidence showing a violation of the FTSA, which prevents solicitation calls to a consumer, business, or donor that has previously communicated that he or she does

not wish to receive those calls.  ECF No. 21, PageID.280.  Again, Plaintiff references only the Complaint in support of this claim, presents no other evidence that he actually declined the calls, and argues that Defendant did not offer any evidence to refute the allegation.  *Id.* at PageID.281.  For the same reasons that Objections #1 and #2 were overruled, Objection #3 is also overruled.  Plaintiff confuses the standard and fails to meet his burden.

Plaintiff also points to the Magistrate Judge's analysis of Count IV in support of his Objection.  He argues that because the Magistrate Judge found that Count IV (which deals with the TCPA do-not-call provision) survives summary judgment, Count VI should also survive.  *Id.* at PageID.281-282.  However, as argued by Defendant, Count IV survived summary judgment because the Magistrate Judge found that there is a genuine issue of material fact as to whether Plaintiff is a "residential telephone subscriber" as required under the TCPA.  *See* ECF No. 22, PageID.297; *see also* ECF No. 20, PageID.267-268.  That is not at issue in Count VI.

But the Court does find that the Magistrate Judge should have dismissed Count IV because Plaintiff fails to present any evidence that he requested not to receive calls.  Similar to Count VI, if Plaintiff cannot show, beyond the allegations in the Complaint, that the Defendant received a request not to call, Plaintiff's claims must fail.  Defendant is entitled to judgment as a matter of law on the TCPA violation

because Plaintiff presents no such evidence.  Consequently, summary judgment on Count VI is also proper in Defendant's favor and this Count should be dismissed.

### IV.

Accordingly, the Court **ACCEPTS AND ADOPTS IN PART** the recommended disposition of Magistrate Judge Stafford's Report and Recommendation (ECF No. 20).   Plaintiff's Objections (ECF No. 21) are **OVERRULED**.  Defendant's Motion for Summary Judgment (ECF No. 16) is **GRANTED IN PART** and **DENIED IN PART**.  The Motion is **GRANTED** as to Counts I, II, IV, V, and VI of the Complaint (ECF No. 1), and those claims are **DISMISSED**.  The Motion is **DENIED** as to Count III.

*This is not a final order as it does not resolve all claims.  The only claim remaining in this case is Count III.*

**IT IS SO ORDERED.**

Dated: February 13, 2025                           s/Brandy R. McMillion
                                                   Hon. Brandy R. McMillion
                                                   United States District Judge